UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CROWN DISTRIBUTING LLC, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-1052-B |
| | § | |
| ICE SUPPZ LLC, NALPDOG, LLC, | § | |
| and JOSH BECKER, | § | |
| | § | |
|   Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Crown Distributing LLC ("Plaintiff")'s Supplemental Motion for Pre-Judgment Interest and Attorney's Fees and Costs on Default Judgment (Doc. 28). For the following reasons, the Court **GRANTS** Plaintiff's Supplemental Motion.

### I.

### BACKGROUND

This case arises from a contract for the purchase of hemp biomass. *See Crown Distrib. LLC v. Ice Suppz, LLC*, 2022 WL 1524119, at *1 (N.D. Tex. May 13, 2022). On May 13, 2022, the Court granted default judgment against Defendants Josh Becker ("Becker") and Ice Suppz LLC ("Ice Suppz") on Plaintiff's breach-of-contract claim, but denied default judgment as to Plaintiff's fraud, negligence, negligent-misrepresentation, and unjust-enrichment claims. *Id.* at *7. The Court awarded Plaintiff post-judgment interest and $200,000 in actual damages. *Id.* at *7–8. The Court dismissed Plaintiff's requests for prejudgment interest, costs, and attorneys' fees without prejudice because (1) Plaintiff had not sufficiently established its entitlement to prejudgment interest, nor how the Court should calculate it; (2) private process server fees are not recoverable costs in the Fifth

-1-

Circuit absent exceptional circumstances, which Plaintiff failed to allege; and (3) Plaintiff had not segregated attorneys' fees from its unsuccessful claims. *Id.* at *6–7. However, the Court allowed Plaintiff to file a supplemental motion seeking prejudgment interest, costs, and attorneys' fees for the successful breach-of-contract claim. *Id.* at *8.

Plaintiff filed its Supplemental Motion (Doc. 28) on June 13, 2022. Doc. 28, Pl.'s Suppl. Mot. The Motion is ripe and the Court considers it below.

## II.

## LEGAL STANDARDS

*A.   Attorneys' Fees*

"Since this is a diversity case, Texas law governs the award of attorneys' fees." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1487 (5th Cir. 1990). Under Texas law, a prevailing party in a civil action may recover attorneys' fees in a claim for an oral or written contract. Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8); *see also* Fed. R. Civ. P. 54(d)(2). While "38.001(8) uses the term 'may,' the Texas Supreme Court has declared that attorneys' fees under section 38.001 are not discretionary." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 603 n.2 (5th Cir. 2000) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998)). This is true even in the default judgment context. *See Quarles*, 894 F.2d at 1488 (upholding an award of attorneys' fees granted as part of a default judgment).

In the Fifth Circuit, determining reasonable attorneys' fees generally involves a two-step process. *Jimenez v. Wood Cnty.*, 621 F.3d 372, 379 (5th Cir. 2010). The process begins with the calculation of the "lodestar." *Id.* "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the

community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)). "There is a strong presumption of the reasonableness of the lodestar amount." *Id.* (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006)). After calculating the lodestar, when applying Texas law, courts should consider the reasonableness of the fee award in light of the eight *Arthur Andersen* factors, which include "the amount involved and the results obtained[.]" *Bear Ranch, L.L.C. v. Heartbrand Beef, Inc.*, 885 F.3d 794, 803 (5th Cir. 2018) (quoting *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)).[1]

*B.     Prejudgment Interest*

Under Texas law, "[t]here are two legal sources for an award of prejudgment interest: (1) general principles of equity and (2) an enabling statute." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998). Breach-of-contract cases are considered under the first category. *See Siam v. Mountain Vista Builders*, 544 S.W.3d 504, 513 (Tex. App.—El Paso 2018, no pet.) ("In cases not [involving wrongful death, personal injury, or property damages], a court must apply equitable common law principles in considering an award of prejudgment

---

[1] The eight *Arthur Andersen* factors are:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
(2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen*, 945 S.W.2d at 818.

interest." citing *Lee v. Lee*, 47 S.W.3d 767, 799–800 (Tex. App.—Houston [14th Dist.] 2001, pet. denied)). In breach-of-contract cases, "a successful claimant is entitled to prejudgment interest on 'a breach of contract claim that accrues before suit is filed.'" *Burton v. Prince*, 577 S.W.3d 280, 292 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (quoting *Garden Ridge, L.P. v. Clear Lake Ctr., L.P.*, 504 S.W.3d 428, 452 (Tex. App.—Houston [14th Dist.] 2016, no pet.)).

## III.

## ANALYSIS

Plaintiff's Supplemental Motion requests: (1) $8,544 in attorneys' fees. Doc. 28, Pl.'s Suppl. Mot., ¶ 9. (2) Prejudgment interest in the amount of $5,178.08. *Id.* ¶ 10. (3) Costs of $1,666.03. *Id.* ¶ 12. The Court addresses each request in turn.

A.   *Attorneys' Fees*

The Court first determines the number of hours reasonably expended by Plaintiff's attorneys on the successful breach-of-contract claim and the reasonable hourly rate for the attorneys involved. *See Smith v. Acevedo*, 478 F. App'x 116, 124 (5th Cir. 2012). The party requesting fees has the burden of establishing a reasonable hourly rate. *Kryptek Outdoor Grp., LLC v. Salt Armour, Inc.*, 2016 WL 7757267, at *5 (E.D. Tex. Mar. 28, 2016) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

Here, Plaintiff's attorney, Mr. Ritter, has provided billing statements and descriptions indicating the amount of work performed in this case. Doc. 28-1, Exs. 1–3. Mr. Ritter additionally indicates that, in compliance with this Court's previous Order (Doc. 27), he has segregated the hours related to Plaintiff's unsuccessful fraud, negligence, negligent-misrepresentation, and unjust-enrichment claims from those related to Plaintiff's successful breach-of-contract claim. Doc. 28-1,

Suppl. Ritter Decl., ¶¶ 5–15. Mr. Ritter avers that "at least 60% of the time spent was necessary to obtain the successful default judgment against Becker and Ice Suppz." *Id.* ¶ 8. Based upon the billing statements and Mr. Ritter's segregation, Attorney John Adams performed 2.276 hours of work at a rate of $375 per hour; Paralegal Scott Smoot performed .9 hours of work at a rate of $240 per hour; Attorney Chelsie Spencer performed .24 hours of work at a rate of $375 per hour; Attorney Paul Stevenson performed 5.22 hours of work at a rate of $250 per hour; and Mr. Ritter performed 15.37 hours of work at a rate of $350 per hour, plus $700 for preparing his Supplemental Declaration. *See* Doc. 28.1, Exs. 1–3. Thus, Plaintiff requests a total of $8,544 in attorneys' fees. Doc. 28, Pl.'s Suppl. Mot., ¶ 9.

After reviewing Mr. Ritter's declaration as well as the billing statements, the Court finds that the time expended by the attorneys and the paralegal was reasonable. Nothing indicates that any individual was billing for "excessive, duplicative, or inadequately documented" time. *See Smith*, 478 F. App'x at 124 (quoting *Jimenez*, 621 F.3d at 379–80). Thus, the Court accepts these hours as part of its lodestar calculation.

The hourly rates are also reasonable. Mr. Ritter states that these rates are "customary and reasonable in the United States District Court for the Northern District of Texas for similar work." Doc. 26-1, Ritter Decl., ¶ 10. In light of his declaration, as well as the Court's knowledge of rates charged for legal services by attorneys with similar levels of skill, experience, and competence, the Court concludes that, in this case, the rates of $250 to $375 per hour are reasonable. *See, e.g.*, *Michaels Stores Procurement Co. v. DMR Constr., Inc.*, 2019 WL 399074, at *2 (N.D. Tex. Jan. 31, 2019) (approving rates as high as $675.00 per hour).

Accordingly, the Court concludes the lodestar amount is $8,544.00. Considering the eight *Arthur Andersen* factors described above, the Court does not find it necessary to make any adjustments to this figure. Thus, the Court **GRANTS** Plaintiff's request for attorneys' fees in the amount of **$8,544.00**.

B.   *Prejudgment Interest*

Plaintiff also requests prejudgment interest in the amount of $5,178.08. Doc. 28, Pl.'s Suppl. Mot., ¶ 10. Under Texas law, courts are to rely on general principles of equity to determine prejudgment interest when there is no enabling statute regarding prejudgment interest. *Johnson & Higgins*, 962 S.W.2d at 528. The Texas Finance Code does provide for prejudgment interest for damages arising from wrongful death, personal injury, and property damage claims; however, none of those claims are implicated here. Tex. Fin. Code Ann. §§ 304.101–03 (Vernon 1998 & Supp. 2005). Yet, the Texas statutory prejudgment interest scheme is still relevant, because the Texas Supreme Court in *Johnson & Higgins* held that common law prejudgment interest should resemble the prejudgment interest law enacted by the Texas legislature. 962 S.W.2d at 530–31. The Texas Finance Code not only sets the rate of prejudgment interest, but also states that prejudgment interest begins to accrue on the earlier of (1) 180 days after the date the defendant received written notice of the claim or (2) the date suit is filed and "ending on the day preceding the date judgment is rendered." Tex. Fin. Code Ann. § 304.104.

In keeping with the principles articulated in *Johnson & Higgins*, the Court follows the prejudgment interest rules described in the Texas Finance Code. *Cf. Craig v. GACP II, L.P.*, 2022 WL 1778392, at *7–8 (N.D. Tex. June 1, 2022). The Texas Finance Code establishes a floor of 5% per annum unless the rate established by the Federal Reserve Board of Governors exceeds 5%. Tex.

Fin. Code Ann. § 304.104. The current rate is 4.75%.[2] Therefore, the applicable prejudgment interest rate is 5% per annum. *See* Doc. 28-1, Ex. 4. Prejudgment interest accrued only on the damages awarded and not on Plaintiff's award for attorneys' fees. *See Cushman & Wakefield, Inc. v. Fletcher*, 915 S.W.2d 538, 547 (Tex. App.—Dallas 1995, writ denied) (holding prejudgment interest is not recoverable on attorneys' fees awarded). Prejudgment interest began to accrue on November 6, 2021, the 180th day after Plaintiff filed suit on May 10, 2021. *See* Tex. Fin. Code Ann. § 304.104; *see also Halff Assocs., Inc. v. Warner Pac. Props., LLC*, 2008 WL 3874673, at *2 (N.D. Tex. Aug. 13, 2008) (noting that where a plaintiff has not provided evidence that the defendant received a pre-suit demand letter the 180-day-period begins on the date of filing). The accrual period ended on the day preceding the date judgment was entered, May 12, 2022. *See* Tex. Fin. Code Ann. § 304.104. Thus, the accrual period is 189 days (including May 12, 2022), or .51780822 years. Accordingly, the Court **GRANTS** Plaintiff's request for prejudgment interest in the amount of **$5,178.08**.[3]

C. *Costs*

Plaintiff requests $1,666.03 in costs, including private process server fees.[4] Doc. 28, Pl.'s Suppl. Mot., ¶ 12. Plaintiff makes two arguments for why private process server fees should be awarded in this case. First, Plaintiff argues that private process server fees should be available without a showing of exceptional circumstances because requiring exceptional circumstances "would interfere

---

[2] The Court derives this information from the Federal Reserve Board of Governors' website chart of Selected Interest Rates (Daily), available at https://www.federalreserve.gov/releases/h15/ (last visited July 6, 2022).

[3] $200,000 x .05 x .51780822.

[4] Consistent with the Court's prior Order, Plaintiff states that it no longer seeks private investigator costs. *See Crown*, 2022 WL 1524119, at *7 (citing *San Jacinto Sav. v. Kacal*, 1993 WL 455886, at *1 (5th Cir. Oct. 27,1993) (per curiam)).

with private businesses engaged in civil process service and would encourage litigants to use the federal government services, rather than the private business." *Id.* (citing *United States EEOC v. W&O Inc.*, 213 F.3d 600, 624 (11th Cir. 2000)). Second, Plaintiff argues in the alternative that "exceptional cause for the private process fees [was present] as . . . Becker avoided service" as detailed in Plaintiff's prior motions for substitute service. Doc. 28, Pl.'s Suppl. Mot., ¶ 12 (citing Doc. 17, Pl.'s Am. Mot. Substitute Service; Doc. 21, Pl.'s Second Am. Mot. Substitute Service).

The Court has previously rejected Plaintiff's first argument and does so again here. *BITX Transp. Servs.*, 2021 WL 4990805, at *7 & n.6 (holding that private process server fees are not recoverable costs unless there is a showing of exceptional circumstances warranting them); *see Marmillion*, 381 F. App'x at 431 (citing *Cypress-Fairbanks*, 118 F.3d at 257). Thus, it is Plaintiff's burden to allege exceptional circumstances warranting costs for private process server fees. *See Crown*, 2022 WL 1524119, at *7. Plaintiff has carried this burden. *Cf. Bridge v. Technology Partners FZ, LLC,* 2016 WL 859348, at *2 (N.D. Tex. Jan. 15, 2016) (awarding private process server fees after finding exceptional circumstances when it took the plaintiff "almost seven months and a great deal of effort to effectuate service"). Here, Becker avoided service for almost five months, necessitating the Court to twice grant substitute service of process. Doc. 18, Order (Granting in Part Doc. 17); Doc. 22, Order (Granting Doc. 21). The Court finds that Becker's protracted avoidance of service, as detailed in those motions and the affidavits attached thereto, constitutes exceptional circumstance sufficient to justify the inclusion of private process server fees in its award of costs. *See* Doc. 17, Pl.'s Am. Mot. Substitute Service; Doc. 21, Pl.'s Second Am. Mot. Substitute Service.

However, the Court's calculation of costs does not accord with Plaintiff's.[5] Reviewing the Exhibits attached to Plaintiff's instant motion, the Court finds the following taxable costs related to the successful default judgment. From Exhibit 1: $177.50 (process services for Josh Becker 5/11/21); $177.50 (process services for Ice Suppz 5/13/21); $402.00 (filing fee 5/10/21); $169.50 (process services for Josh Becker 5/26/21); $113.00 (process services for Josh Becker 7/01/21); and $177.50 (process services for Josh Becker 7/22/21). Doc. 28-1, Exhibit 1. From Exhibit 3: $28 (postage 7/26/21); $ .60 (online research 7/29/21); $120 (process server 8/24/21); $. 30 (online research 9/30); $149.95 (process server 10/1/21). Doc. 28-1, Exhibit 3. Accordingly, the Court **GRANTS IN PART** Plaintiff's request for costs and awards costs in the amount of **$1,515.40**.[6]

## IV.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Supplemental Motion (Doc. 28) and awards: (1) attorneys' fees in the amount of $8,544.00, (2) prejudgment interest in the amount of $5,178.08, and (3) costs in the amount of $1,515.40. A final judgment combining the awards set out in this Order with those set forth by the Court's prior order awarding actual damages and post-judgment interest will follow.

---

[5] Plaintiff has not detailed its breakdown of total requested costs but requests an amount that is approximately $150 over the Court's calculation of the amount above. Presumably $150 of the difference results from Plaintiff's erroneous inclusion of $150 in private investigator fees reflected in Exhibit 3 and not marked "removed from costs." *See* Doc. 26-1, Exhibit 3. In any event, to the extent that the Court's total does not accord with Plaintiff's, the Court finds that the appropriate costs are those calculated by the Court.

SO ORDERED.

SIGNED: July 11, 2022.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE